10100

HALL v. LIGON *ET AL.*
(97 S. E. 710.)

1. REPLEVIN—AFFIDAVIT — SUFFICIENCY ON DEMURRER.—In determining sufficiency on demurrer of an affidavit accompanying complaint in claim and delivery, allegations of affidavit must be taken as true.

2. REPLEVIN — AFFIDAVIT— SUFFICIENCY.—Affidavit accompanying complaint in claim and delivery *held* to sufficiently show that it was intent to allege that plaintiff was in possession when defendants seized property.

3. REPLEVIN—PARTIES—POSSESSION.—A party in possession has the right to bring an action for claim and delivery against a trespasser or wrongdoer, irrespective of the rights of third parties in the chattel.

Before PEURIFOY, J., Anderson, Spring term, 1918. Reversed.

Action by John Hall against Lewis Ligon and others. Judgment for plaintiff was reversed on appeal to the Circuit Court, and plaintiff appeals.

*Messrs. Brezeale & Pearman,* for appellant, submit: *Plaintiff based his action upon his right to the immediate possession of the property and not upon his sole ownership of same:* Code of Civil Procedure, vol. II, sec. 80; Code of S. C., vol. I, sec. 1605; R. C. L., vol. IX, pages 3-6; 14 Cyc., pp. 247-251-254; Code of Procedure, sec. 407.

*Messrs. Leon L. Rice* and *A. H. Dagnall,* for respondents. *Mr. A. H. Dagnall* submits: *It is well settled that the title and right to the possession of personal property of a decedent, testate or intestate, immediately vests in the personal representative until administration is completed and the estate fully settled:* 18 Cyc. 153; 58 S. C. 166; 62 S. C. 428; 1 McCord Eq. (7 S. C. Eq.) 169; 9 S. C. 258; 20 S. C. 347; 58 S. C. 166; 62 S. C. 427; 11 Enc. Plead. & Prac., pp. 2, 3 and 4. *If there is only one heir at law, and no creditors, an action can be maintained by the sole heir at law:* 1 Rich. Eq. 1 (18 S. C. Eq.); 62 S. C. 427. *Under no circumstances could plaintiff maintain this action in his own name without joining the other heirs of the plaintiff:* 102 S. C. 503; 18 Enc. Plea. & Prac., p. 508; 34 Cyc. 1387.

December 30, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action in claim and delivery, and was commenced in a magistrate's Court. The plaintiff's affidavit, accompanying the complaint, was as follows:

"That he is entitled to immediate possession, by reason of the fact that he and his wife owned said property, at the time of her death, and she died intestate, and her property has not been administered upon, which cow was in his possession, at the time of the death of his wife. * * * That said property is wrongfully withheld or detained by the defendants. That according to his best knowledge, infor-

mation, and belief the cause of such withholding or deten-
tion is that Lewis Ligon claims to be the owner of said
cow."

When the case was called for trial in the magistrate's
Court, the defendants' attorneys demurred to the complaint,
on the ground—"that it alleged the wife of plaintiff was a
part owner of said property, and that there has been no
administration of her estate, and that it is not known that
the husband is the sole heir of his wife, who died intestate,
nor the real party in interest."

The magistrate overruled the demurrer, and the case was
heard by him without a jury, upon the testimony introduced
by plaintiff and defendants, whereupon he rendered judg-
ment in favor of the plaintiff. The defendants appealed,
and his Honor, the Circuit Judge, ruled as follows:

"It is ordered that the magistrate be reversed, and the
complaint dismissed, on the ground that the affidavit of
plaintiff was insufficient to support the above action for
claim and delivery of the property described therein, as all
the parties interested were not before the Court."

The plaintiff appealed from said order.

In order to determine the sufficiency of the affidavit, its
allegations must be regarded as true. It was mani-
festly the intention of the affidavit to allege that the
plaintiff was in possession of the cow when the
defendants seized her.

It is only necessary to cite the case of *Bank v. Shier*, 4
Rich. 233, to show that a party in possession has the right
to bring an action for claim and delivery of a chattel
against a trespasser, or wrongdoer, irrespective of
the rights of third parties in the chattel. In so far as
the rights of the plaintiff and defendants are concerned, they
can be adjudicated in this action.

As the only ground upon which his Honor, the Circuit
Judge, reversed the judgment rendered by the magistrate is

a question of law, and, as his ruling was erroneous, the judgment of the magistrate should be affirmed; and it is so adjudged.

Judgment of the Circuit Court reversed.